UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEBORAH PERRY,

          Plaintiff,

      -vs-

WAYNE ARC,

          Defendant.

DECISION AND ORDER

10-CV-6337

---

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | Christina A. Agola, Esq.<br>730 First Federal Plaza<br>28 East Main Street<br>Rochester, NY 14614<br>(585) 262-3320 |
| For Defendants: | James C. Holahan, Esq.<br>Bond Schoeneck & King PLLC<br>350 Linden Oaks Suite 310<br>Rochester, NY 14625<br>(585) 362-4722 |

**INTRODUCTION**

**Siragusa, J.** This is an action alleging claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.* ("New York Human Rights Law"). Before the Court is Defendant's motion (Docket No. 3) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12. For the reasons stated below, the Court grants the motion.

## BACKGROUND

The following facts are taken from the complaint and, for the purposes of this motion, assumed to be true. Plaintiff had been employed by Defendant from September 11, 2000 and held the position of Direct Support Professional. She was diagnosed with epilepsy at the age of ten, but submits she is capable of performing the essential functions of her job. She maintained a stellar work record during her employment. (Compl. ¶¶ 8–12.) At the time she was hired, Plaintiff disclosed her epilepsy and informed all managers, assistant managers and nurses of her condition. (Compl. ¶ 13.)

On June 28, 2009, Plaintiff requested permission to leave work early, but was unable to contact her supervisor, Troy Wing, and, "instead, left a voice mail message to inform him that she may have suffered a seizure the night before and wanted to leave work early to seek medical attention." (Compl. ¶ 14–15.) She called and left the same information in a voice mail message for Natalie Wavrick, the Program Coordinator, and called on Coordinator Craig Arnold, who gave her permission to leave early. (Compl. ¶¶ 16–17.)

On or about the second week of July 2008, Plaintiff had returned from her scheduled vacation and her supervisor, Troy Wing, informed her that she needed to produce a "fit for duty certificate" from her treating physician. (Compl. ¶ 18.) Plaintiff was also advised by her human resources specialist[1] "that since she 'recently had an episode' that the defendant wanted to know is it was [sic] 'safe' for Plaintiff 'to be left alone with consumers.'" (Compl. ¶ 19.) She also claims that the human resources specialist said to

---

[1]This individual is not identified in the complaint. (Compl. ¶¶ 19, 20.)

her "that she too 'would be upset if she had [Plaintiff's] condition'." (Compl. ¶ 20.) Defendant "revoked Plaintiff's driving privileges in lieu of the physician's certification." (Compl. ¶ 21.) "Plaintiff complained to her supervisor regarding discriminatory treatment against [sic] due to her medical condition…." (Compl. ¶ 22.) She then produced a report from her treating physician indicating that she had no restrictions. (Compl. ¶ 23.)

Plaintiff alleges that, "[t]hereafter, Plaintiff was retaliated against by her supervisor who would visit the work place unannounced at 6:00 a.m. demanding that she produce a fit to work certification from a neurologist." (Compl. ¶ 24.) She also contends that she was removed from a group home in which she was the only staff member overseeing "'consumers'" and placed in a home with a minimum staff of five and whose "'consumers'" are gone for most of the day. (Compl. ¶ 25.) She also alleges that she "was informed that her primary physician's note was not acceptable and if she did not produce a medical report from her neurologist, she would 'suffer consequences.'" (Compl. ¶ 26.)

On July 16, 2009, Plaintiff filed a complaint with the New York State Division of Human Rights alleging that she had been subject to discrimination related to her employment in violation of the New York Human Rights Law. On July 17, 2009, she informed her employer that she needed to take leave under the FMLA "due to a serious health condition (epilepsy) that made her unable to perform the essential functions of her job." (Compl. ¶¶ 27–28.) Defendant granted Plaintiff the leave she requested.

Plaintiff returned to work on or about the second week in July 2008. Subsequently, on June 4, 2010, Plaintiff alleges she "received her first and only 'Verbal Counseling' by her supervisor since she had been employed by defendant." (Compl. ¶ 29.)

Plaintiff pleads the following causes of action: First, that Defendant perceived her as disabled, impermissibly determined she was unable to perform the essential functions of her job, revoked her driving privileges, and made discriminatory comments to Plaintiff regarding her disability in violation of the ADA; Second, that she complained to management about the discrimination and filed a charge of discrimination on July 16, 2009, and that she was subject to "adverse actions that were materially adverse to her" (Compl. ¶ 39); Third, that Plaintiff's driving privileges were revoked, her job responsibilities attenuated, and she was subject to discriminatory comments based on the perception that she was disabled and unable to perform the essential functions of her job in violation in violation of the New York Human Rights Law; Fourth, she was wrongfully disciplined as a result of requesting FMLA leave on July 17, 2009, and "placing defendant on notice of her FMLA qualifying condition." (Compl. ¶ 45.)

## STANDARD OF LAW[2]

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[2]Defendant's memorandum of law cites the old standard that has been replaced by the one outlined in *Twombly*.

*Id.* at 1964-65 (citations and internal quotations omitted). *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949–50.

## ANALYSIS

### *Fed. R. Civ. P. 12(b)(1) Election of Remedies and New York Human Rights Law Claim*

Federal Rule of Civil Procedure 12(b)(1) permits a Court to dismiss a complaint if it is shown that it lacks subject matter jurisdiction. Here, Defendant contends that, since Plaintiff elected to file a claim with the New York State Human Rights Division, she is foreclosed from pursuing such claims in this action. In that regard, New York law states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages, including, in cases of housing discrimination only, punitive damages, and such other remedies as may be appropriate, including any civil fines and penalties provided in subdivision four of this section, *unless such person had filed a complaint hereunder or with any local commission on human rights*,…provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9) (McKinney's 2009) (emphasis added). In her complaint in this action, Plaintiff clearly alleges that the New York State Human Rights Division dismissed her complaint in that forum after finding,

> no evidence that the complainant suffered any adverse employment action based on her disability. The respondent has articulated legitimate nondiscriminatory reasons for its actions which has not been shown by the evidence to be pretextual.

(Determination and Order After Investigation, *Perry v. Wayne ARC*, No. 10135184 (N.Y.S. Div. of Human Rights Jan. 28, 2008 (Docket No. 3-5, at 2).)

The election of remedies issue was addressed by the Honorable H. Kenneth Schroeder Jr., U.S. Magistrate Judge,[3] in *Hamilton v. Niagara Frontier Transportation Auth.*, Nos. 00-CV-300SR & 00-CV-863SR, 2007 U.S. Dist. LEXIS 55522 (W.D.N.Y. Jul. 31, 2007). In that case, Judge Schroeder wrote:

> Thus, absent application of one of the three exceptions, the statute divests courts of jurisdiction over human rights claims which have been presented to the NYSDHR. *See York v. Association of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); *Moodie v. Federal Reserve Bank of N.Y.*, 58 F.3d 879, 882 (2d Cir. 1995) ("a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim."). Plaintiff may not circumvent his selection of the NYSDHR as the forum for his complaints by presenting additional facts or defendants in this proceeding. *See Lyman v. City of N.Y.*, No. 96 Civ. 2382, 1997 U.S. Dist. LEXIS 12340, 1997 WL 473976, at *4 (S.D.N.Y. Aug. 20, 1997) (assertion of additional facts or additional defendants could not create jurisdiction where claims before district court were based on the same incident as the claims raised in the administrative complaint).

*Id.*, 2007 U.S. Dist. LEXIS 55522, 29-30. As was the case in *Hamilton*, Plaintiff here elected to pursue remedies in the New York Division of Human Rights and that body made a determination on the merits, therefore foreclosing claims under the New York Human Rights law here. In her response, Plaintiff wrote that "pursuant to N.Y. Executive Law § 297(9), Plaintiff voluntarily withdraws her NYSHRL disability discrimination claim." (Pl.'s Mem. of Law at 6.) Accordingly, the Third cause of action must be dismissed. Further, Plaintiff's retaliation claim, laid under the New York Human Rights Law, must also be dismissed under the same principle.

---

[3] The case was before Judge Schroeder on consent of the parties pursuant to 28 U.S.C. § 636(c).

*Fed. R. Civ. P. 12(b)(6) and ADA Claim*

The standard for making a claim under the ADA is clear:

> In order to establish a *prima facie* case of discrimination under the ADA, a plaintiff must show (a) that his employer is subject to the ADA; (b) that he is disabled within the meaning of the ADA or perceived to be so by his employer; (c) that he was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (d) that he suffered an adverse employment action because of his disability.

*Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008). Defendant contends that even assuming, for the sake of argument, that Plaintiff has plead all the other elements, she has failed to sufficiently plead that she suffered an adverse employment action. As the Honorable David G. Larimer of this Court observed in *Murphy v. Board of Education*, 273 F. Supp. 2d 292 (W.D.N.Y. 2003):

> To be adverse, an employment action must involve the deprivation of "some 'tangible job benefits' such as 'compensation, terms, conditions or privileges' of employment.'" *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quoting *Karibian v. Columbia Univ.*, 14 F.3d 773, 778 (2d Cir.), *cert. denied*, 512 U.S. 1213 (1994)). Adverse employment actions are considered material if they are "of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." *Torres v. Pisano*, 116 F.3d 625, 632 (2d Cir.), *cert. denied*, 522 U.S. 997 (1997).

*Id.* at 304. In her complaint, Plaintiff alleges that Defendant revoked her driving privileges, limited her responsibilities and made discriminatory statements ("that [the human rights specialist] too 'would be upset if she had [Plaintiff's] condition'"). Plaintiff's allegation that her supervisory role diminished when she was moved to a group home in which there were other staff members and the residents were rarely present, is insufficient to raise a plausible claim that she suffered an adverse employment action. On this point, the Honorable John T. Elfvin, late of this Court, determined in *Pierson v. Columbus McKinnon Corp.*, No. 02-CV-0917E(Sr), 2005 U.S. Dist. LEXIS 45064 (W.D.N.Y. May 10, 2005):

> Plaintiff's only remaining allegation of an adverse employment action is that her supervisory role diminished. No reasonable trier of fact could find that this resulted in a materially adverse change in working conditions. *See Reed v. Belknap Heating & Cooling, Inc.*, 2004 U.S. Dist. LEXIS 7365, at *33 (W.D.N.Y. Apr. 20, 2004) (Elfvin, J.) (holding that the plaintiff's reduction in her job duties did not amount to an adverse employment action).

*Id.*, 2005 U.S. Dist. LEXIS 45064, at *32. The Court also finds that the revocation of Plaintiff's driving privileges (which the Court is presuming applied only to driving residents of the homes, though the complaint is lacking any explanation in this regard) was not sufficient to demonstrate an adverse employment action, nor was the requirement that she produce a certificate from her medical doctor. *Missick v. City of New York*, 07-CV-1494 (RRM)(VPP), 2010 U.S. Dist. LEXIS 48292, 26 (E.D.N.Y. Mar. 22, 2010) ("Missick's further claims of rude behavior by P.S. 21 personnel and her referral for medical evaluation similarly fail to establish adverse employment actions.") Although the Court is aware that the ADA prohibits employer-ordered medical examinations, " unless such examination or inquiry is shown to be job-related and consistent with business necessity," 42 U.S.C. § 12112(d)(4)(A), the face of Plaintiff's complaint lays out the job-relatedness of the examination request.  Finally, as to the remark by the human resources specialist, "stray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination." *Danzer v. Norden Sys.*, 151 F.3d 50, 56 (2d Cir. 1998). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal*, 129 S. Ct. at 1949–50. Consequently, the Court determines that the factual allegations in the complaint are insufficient to raise Plaintiff's claims above the speculative level.

### *Fed. R. Civ. P. 12(b)(6) and Retaliation Claims*

Plaintiff claims that Defendant retaliated against her for filing a complaint and, by doing so, violated the ADA, HRL and FMLA. In general, to plead a case of retaliation, a plaintiff must allege that: "1) the employee engaged in an activity protected by the ADA, 2) the employer was aware of the activity; 3) an employment action adverse to the plaintiff occurred, and 4) there existed a causal connection between the protected activity and the adverse action." *Baum v. Rockland County*, 337 F.Supp.2d 454, 472 (S.D.N.Y. 2004), *aff'd*, 161 Fed. Appx. 62, 2005 U.S. App. LEXIS 29244 (2d Cir. Dec. 23, 2005) (citation omitted).

In *Potenza v. City of New York*, 365 F.3d 165 (2004), the Second Circuit addressed the issue of retaliation under the FMLA and the appropriate standard to use for summary judgment. The court wrote:

> The regulations promulgated pursuant to the FMLA explain that " '[i]nterfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave," 29 C.F.R. § 825.220(b), and that "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." 29 C.F.R. § 825.220(c).

*Potenza*, 365 F.3d at 167. Defendant argues that Plaintiff,

> has failed to set forth any factual allegations whatsoever identifying these "adverse actions," let alone any factual allegations indicating that those actions were "materially adverse." *See Brady v. Dammer*, 573 F.Supp.2d 712, 722 (N.D.N.Y. 2008) (quoting *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)) (An employment action is "materially adverse" under the ADA "if it would 'dissuade a reasonable worker from making or supporting a charge of discrimination.'").

(Def.'s Mem. of Law at 11.) The Court agrees. Plaintiff's allegation that she was wrongfully disciplined as a result "placing defendant on notice of her FMLA qualifying condition" on July 17, 2009, (Compl. ¶ 45), is conclusory at best, and does not raise a right to relief

above the speculative level. Therefore, the Court determines that her retaliation causes of action are insufficiently plead to avoid dismissal under Rule 12.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket No. 3) the complaint pursuant to Federal Rule of Civil Procedure 12 is granted. The Clerk is directed to enter judgment for Defendant and close the case.

SO ORDERED.

Dated: November 19, 2010
       Rochester, New York

            ENTER:

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge